UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK OF NEW YORK MELLON,<br><br>Plaintiff,<br><br>v.<br><br>LEGENDS MAINTENANCE CORPORATION, et al.,<br><br>Defendants. | Case No. 2:16-cv-02567-MMD-GWF<br><br>ORDER |

**I.    SUMMARY**

Defendant Legends Maintenance Corporation ("HOA") foreclosed on its HOA lien. Plaintiff sued the HOA and other defendants to challenge the foreclosure sale's extinguishment of its senior deed of trust. The HOA moves for dismissal under Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6) Motion") and under NRS § 38.310 ("NRS 38.310 Motion"). (ECF Nos. 14, 16.) The Court has reviewed Plaintiff's responses (ECF Nos. 17, 19) and the HOA's replies (ECF Nos. 19. 20).  For the reasons discussed below, the Court grants the NRS § 38.310 Motion (ECF No. 16) and denies the Rule 12(b)(6) Motion (ECF No. 14).

**II.    RELEVANT BACKGROUND**

The following facts are taken from the Complaint. (ECF No. 1.) Katie E. Wilson ("Borrower") obtained a loan in the amount of $181,550.00 evidenced by a note and secured by a deed of trust ("DOT") on property located in the HOA ("the Property"). The DOT was assigned to Plaintiff. Borrower failed to pay the HOA its assessment. As a result,

the HOA recorded a notice of delinquent assessment on June 26, 2013. On August 30, 2013, the HOA recorded a notice of default and election to sell to satisfy the delinquent assessment. On August 15, 2014, the HOA recorded a notice of foreclosure sale, which identified the amount due to the HOA to be $9,929.41. The foreclosure sale occurred on September 5, 2014, where the sale price was $27,100.00. A foreclosure deed in favor of Defendant BFP Investments was recorded on September 8, 2014. BFP Investments asserts an ownership interest in the Property free and clear of Plaintiff's senior DOT.

Plaintiff asserts three claims against the HOA—quiet title/declaratory relief, breach of NRS § 116.1113 and wrongful foreclosure. (ECF No. 1.)

## II. LEGAL STANDARD

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555.) "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the

defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not show[n]—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

### III.    NRS § 38.310 MOTION (ECF No. 16)

The HOA argues that the Court lacks subject matter jurisdiction over Plaintiff's second and third claims because these claims are subject to NRS § 38.310's mandatory mediation. (ECF No. 16.) Plaintiff counters that NRS § 38.310 cannot affect this Court's jurisdiction and does not apply to its claims against the HOA. (ECF No. 17.)

NRS § 38.310(1) prohibits a party from commencing a civil action asserting a claim related to the interpretation, application, or enforcement of covenants, conditions, or restrictions ("CC&Rs") for a residential property "unless the action has been submitted to mediation." Plaintiff argues that NRS § 38.310 cannot affect this court's subject matter jurisdiction, but § 38.310 "is not a jurisdictional statute; it is an exhaustion statute that creates prerequisites for filing certain state-law claims." *Carrington Mortg. Servs., LLC, v. Absolute Bus. Sols., LLC*, No. 2:15–cv–01862–JAD–PAL, 2016 WL 1465339, at *3 (D.Nev. Apr. 14, 2016).

The Nevada Supreme Court in *McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555 (Nev. 2013), offered a broad reading of NRS § 38.310. In that case, the court held that § 38.310 applies to not only the homeowners association's CC&Rs but also to laws "contain[ing] conditions and restrictions applicable to residential property." *Id.* at 559. The court further found that "[d]eciding a wrongful foreclosure claim against a homeowners' association involves interpreting covenants, conditions or restrictions applicable to residential property." *Id.*

Here, the claims for breach of NRS § 116.1113 and wrongful foreclosure are based on the HOA's alleged failure to comply with its obligations and representations in the HOA's CC&Rs that its lien would be subordinate to a senior deed of trust. (ECF No. at

3

10-11.) These claims are covered under NRS § 38.310 and must be submitted to mediation.

**IV.     RULE 12(B)(6 MOTION (ECF NO. 14)**

The HOA advances the threshold argument that Plaintiff cannot bring a quiet title claim when its only interest in the Property is a security interest under the DOT, not a claim to good title. (ECF No. 14 at 5.) In Nevada, a quiet title action "may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." NRS § 40.010. "A plea to quiet title does not require any particular elements, but 'each party must plead and prove his or her own claim to the property in question' and a 'plaintiff's right to relief therefore depends on superiority of title.'" *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (quoting *Yokeno v. Mafnas,* 973 F.2d 803, 808 (9th Cir. 1992)).

The HOA has not provided any authority supporting its contention that Plaintiff's security interest in the Property does not qualify as "an interest in real property" for the purposes of NRS § 40.010. Indeed, a number of courts in Nevada, including the Nevada Supreme Court, have entertained quiet title actions substantially similar to this one. *See, e.g.*, *Shadow Wood Homeowners Ass'n, Inc. v. N.Y. Cmty. Bancorp.*, *Inc.,* 366 P.3d 1105 (Nev. 2016).

The HOA further insists Plaintiff's declaratory relief claim fails because it does not go to a justiciable controversy. Under Nevada law, a party asserting a declaratory relief claim must satisfy the following conditions: (1) a justiciable controversy exists between two parties with adverse interests, (3) the party seeking declaratory relief must have an interest in the controversy, and (4) the issue in the case must be ripe for judicial determination. *County of Clark, ex. Rel., Univ. Med. Ctr. v. Upchurch,* 961 P.2d 754, 757 (Nev. 1998).

The Complaint satisfies these conditions. A live controversy exists between Plaintiff and the HOA because Plaintiff contends the foreclosure sale is either void or did

4

not extinguish its DOT. The Court agrees with Plaintiff that under the circumstances here, the HOA is a necessary party.

For these reasons, the HOA's Rule 12(b)(6) Motion is denied with respect to the first claim. The HOA also seeks dismissal of the second and third claims for relief, but its motion is moot with respect to these two claims.

## V. CONCLUSION

It is therefore ordered that Defendant's motion to dismiss pursuant to NRS 38.310 (ECF No. 16) is granted. The second and third claim for reliefs are dismissed without prejudice.

It is further ordered that Defendant's motion to dismiss pursuant to Rule 12(b)(6) (ECF No 14) is denied.

DATED THIS 31st day of August 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE