UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., FKA THE BANK OF NEW YORK TRUST COMPANY, N.A., AS SUCCESSOR-IN-INTEREST TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE FOR THE HOLDERS OF MLMI SURF TRUST, MORTGAGE LOAN ASSETBACKED CERTIFICATES, SERIES 2005- BC4,<br><br>Plaintiff,<br>v.<br><br>LEGENDS MAINTENANCE CORPORATION; BFP INVESTMENTS 6 LLC,<br><br>Defendants. | Case No. 2:16-cv-02567-MMD-GWF<br><br>ORDER |
| AND RELATED CLAIMS | |

**I.      SUMMARY**

This dispute arises from the foreclosure sale ("HOA Sale") of real property located at 3915 Legend Hills Street, Unit 102, Las Vegas, NV 89129 ("Property") to satisfy a homeowners' association lien. (ECF No. 1 at 2.) Three motions are currently pending before the Court. Plaintiff/Counterdefendant The Bank of New York Mellon Trust Company, N.A., FKA The Bank of New York Trust Company, N.A., as Successor-in-Interest to JPMorgan Chase Bank, N.A., as Trustee for the Holders of MLMI SURF Trust, Mortgage Loan Asset-Backed Certificates, Series 2005-BC4 ("BoNYM") and Cross-Defendant Nationstar Mortgage LLC ("Nationstar") move for summary judgment on BoNYM's remaining claims against Defendant Legends Maintenance Corporation ("Legends" or "HOA") and Defendant/Cross-claimant BFP Investments 6 LLC ("BFP") and on BFP's claims against them. (ECF No. 68; ECF No. 1.) Legends moves for summary

1 judgment in its favor on BoNYM's remaining claim against it—for quiet title/declaratory
2 relief. (ECF No. 67; *see also* ECF No. 40.) BFP also separately moves from summary
3 judgment on BoNYM's claims for quiet title/declaratory relief and injunction and BFP's
4 counterclaims and cross claims for the same relief against BoNYM and Cross-Defendants
5 Nationstar and Katie E. Wilson ("Wilson").[1] (ECF No. 66; ECF No. 30 at 9–16.) For the
6 following reasons, the Court grants BFP's and Legends' motions for summary judgment
7 ("MSJ") and denies BoNYM and Nationstar's joint motion.

**II.    BACKGROUND**

The following facts are undisputed unless otherwise indicated.[2]

Wilson ("Borrower") financed the purchase of the Property within the HOA with a $181,550.00 loan ("Loan") in July 2005. (ECF No. 68-1.) The Loan was secured by a first deed of trust ("DOT"). (*See id.*) The DOT was recorded as assigned to BoNYM via an assignment of deed of trust recorded on May 31, 2012. (ECF No. 68-2.)

The Borrower failed to pay HOA assessments, and the HOA recorded the following notices through its agent Nevada Association Services, Inc. ("NAS"): (1) notice of delinquent assessment lien on June 26, 2013, reflecting a total amount due for the HOA's lien of $5,399.99; and (2) notice of default and election to sell on August 30, 2013, noting a total due of $6,851.08. (ECF Nos. 68-3, 68-4). The latter notice was mailed via certified mail to Wilson, Nationstar and BoNYM. (ECF No. 67-1 at 18–30.) There is no dispute as to whether a tender was made to pay the superpriority amount of the HOA's lien—there was none.

The HOA recorded a notice of HOA Sale on August 15, 2014, noting a total due of $9,929.41. (ECF No. 68-5.) This notice was also mailed to Wilson, Nationstar and BoNYM,

///

---

[1]Wilson was the homeowner at the time of the HOA Sale. Wilson failed to respond after being served with BFP's Summons and Answer/Counterclaim/Crossclaim. The Clerk therefore entered default against Wilson on December 1, 2017. (ECF No. 48.)

[2]In addition to the Motions, the Court has reviewed the parties' responses (ECF Nos. 70, 71, 72, 75) and replies (ECF Nos. 76, 77, 78).

among others. (ECF No. 67-1 at 35–39.) BFP purchased the Property at the HOA Sale on September 5, 2014 for $27,100.00. (ECF No. 68-6.)[3]

In its Complaint, BoNYM asserted the following claims: (1) quiet title/declaratory judgment against all Defendants; (2) breach of NRS § 116.1113 against the HOA; (3) wrongful foreclosure against the HOA; and (4) injunctive relief against BFP. (ECF No. 1.) The Court dismissed the second and third claims against the HOA without prejudice upon finding those claims were subject to mediation under NRS § 38.310 (ECF No. 40.) Thus, the Court's MSJ inquiry focuses only on BoNYM's remaining claims and BFP's counterclaims and crossclaims seeking the same relief.

### III. LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must

///

---

[3]The Court grants BoNYM's request for judicial notice of facts derived from the publicly available records of the Clark County Recorder (ECF No. 68 at 4–5). *See, e.g.*, *Disable Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (explaining a court may consider a government agency's records and other public records).

produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252. Moreover, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

## IV. DISCUSSION

As an initial matter, the Court addresses BFP's arguments that BoNYM and Nationstar (collectively, "the Banks") lack Article III and prudential standing to assert BoNYM's claims. (ECF No. 66 at 11–13; ECF No. 72 at 2, 6.) The Court will then address the merits of the parties' arguments. Upon considering these matters, the Court finds that while there is standing the Banks' legal and equitable arguments fail. The Court therefore grants summary judgment for BFP and Legends.

### A. Standing

BFP argues that the Banks (1) lack Article III standing to challenge NRS § 116.3116 on due process grounds because they received actual notice of the HOA Sale and (2) lack prudential standing because they have not produced sufficient evidence that they are entitled to enforce the Note and DOT. (ECF No. 66 at 11–13; ECF No. 72 at 2, 6.) The Court addresses each standing issue in turn.

#### 1. Article III Standing

"The party invoking federal jurisdiction, [here BoNYM], bears the burden of establishing [the constitutional minimum of standing]." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 61 (1992). Three elements must be met to establish standing: (1) the plaintiff must have suffered an injury in fact –an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2)

there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly . . . traceable to the challenged action of the defendant; and (3) it must be likely—not speculative—that the injury will be redressed by a favorable ruling in the action. *Id.* at 560 (citations and alterations omitted).

BFP specifically argues that Article III standing is lacking here because the Banks received actual notice that apprised them of the pendency of the HOA Sale and afforded the opportunity to respond and therefore the Banks cannot prove harm to support standing. (ECF No. 66 at 12–13.) The Banks in turn argue that they have met all the requirements to show standing because the HOA Sale is purported to extinguish the DOT, thus preventing BoNYM from realizing the Property's value and there is a dispute for quieting title. (ECF No. 70 at 5.)

As it has done before, the Court finds BFP's Article III standing argument meritless. *See, e.g.*, *PennyMac Loan Serv. LLC v. Townhouse Greens Ass'n, Inc.*, No. 3:16-cv-00504-MMD-VPC, 2018 WL 772089, at **2–3 (D. Nev. Feb. 6, 2018) (finding standing because it is alleged that there is injury "by the extinguishment of the DOT and a decision from this Court quieting title to it would redress that injury").

### 2. Prudential Standing

Prudential standing "encompasses the general prohibition on a litigant's raising another person's legal rights, the rule barring adjudication of generalized grievances more appropriately addressed in representative branches, and the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked." *Freedom Mortg. Corp. v. Las Vegas Dev. Grp., LLC*, 106 F. Supp. 3d 1174, 1179 (D. Nev. 2015) (quoting *United States v. Lazarenko*, 476 F.3d 642, 649–50 (9th Cir. 2007)). "The question of prudential standing is often resolved by the nature and source of the claim. Essentially, the standing question in such cases is whether the [statute] on which the claim [relies] properly can be understood as granting persons in the plaintiff's position a right to judicial relief." *Id.* (quoting *The Wilderness Soc'y v. Kane County*, 632 F.3d 1162, 1169 (10th Cir. 2011)).

BFP essentially argues that the Banks lack prudential standing because they have failed to show current entitlement to enforce the DOT *and* the Note. (ECF No. 72 at 6–10.) The Banks respond to BFP's prudential standing argument, contending, among other things, (1) they need not show entitlement to enforce the Note in order to obtain a declaration that the DOT survived the HOA foreclosure sale and (2) they have introduced sufficient evidence—specifically the recorded DOT and relevant assignments—to demonstrate that BoNYM is the current recorded beneficiary of the DOT. (ECF No. 76 at 10–11.) The Banks also note that BFP has produced no evidence to the contrary. (*Id.* at 10.)

The Court agrees with the Banks that there is no genuine dispute as to whether BoNYM—the party who initiated this action—is the current recorded beneficiary of the DOT. Accordingly, the Court rejects BFP's argument that there is a lack of prudential standing for BoNYM to pursue the quiet title/declaratory relief claim in this action.

The Court now turns to the merits of the parties' motions.

**B.     Merits**

In analyzing the merits of the parties' arguments, the Court presumes that the HOA Sale extinguished the DOT and that BFP thus owns the Property free and clear of the DOT. *See Wells Fargo Bank, N.A. v. SFR Invs. Pool 1, LLC*, No. 3:15-cv-00240-MMD-CBC, 2019 WL 470901, at *3 (D. Nev. Feb. 6, 2019) (citing *SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408, 419 (Nev. 2014)). The Court finds that the Banks fail to rebut this presumption and addresses each of its relevant arguments below.

**1.     Violations of Due Process**

The Banks challenge the validity of the HOA Sale under NRS § 116.3116, arguing the HOA Sale is void as unconstitutional for violation of due process, both facially and as applied. (ECF No. 68 at 5–12.)

First, the Banks argue that NRS § 116.3116 is facially unconstitutional based on *Bourne Valley Court Tr. v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016). (ECF No. 68 at 5–8.) This Court has already rejected this argument, as explained in *Bank of*

6

*N.Y. Mellon v. Log Cabin Manor Homeowners Ass'n*, 362 F. Supp. 3d 930, 934–37 (D. Nev. 2019).

The Banks next argue that NRS § 116.3116 is unconstitutional as applied because the HOA did not provide reasonably calculated notice that BoNYM's DOT was at risk for extinguishment or provided the amount necessary to satisfy the superpriority amount to cure. (*See, e.g.*, ECF No. 68 at 9–12.) The Banks further crux their violation of due process argument on the contention that they could not possibly identify and pay the precise superiority amount in advance of the sale and Nevada law afforded no means to recover a refund of any overpayment. (*Id.* at 11–12.) In response to this argument, both BFP and the HOA essentially argue that due process was satisfied by the notices regarding the pending HOA Sale. (ECF No. 72 at 15–18; ECF No. 75 at 6–8.)

The Court agrees with BFP and the HOA. "[N]otice need not be an exhaustive guidebook to preserving one's interest. Rather, it must apprise interested parties of the pendency of the action." *Id.* at 937 (internal quotations and citation omitted). Further, at the time of the HOA Sale, NRS § 116.3116 did not even require that the notices sent to BoNYM specifically state that the HOA sought to foreclose on the superiority portion of its lien, much less precisely specify the superpriority amount or provide instructions for how to cure. *See Bank of Am., N.A. v. 583SC LLC*, 408 P.3d 548 (Table) n.1, 2017 WL 6542454, at *1 n.1 (Nev. 2017) (noting that the lien comprised of monthly assessments was enough); *SFR Invs. Pool 1, LLC*, 334 P.3d at 418 (concluding that listing the entire amount due and owing at the time of recordation satisfied the requirement of reasonably calculated notice).

### 2. Equitable Relief

The Banks additionally argue that they should be granted equitable relief under *Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon ("Shadow Canyon")*, 405 P.3d 641, 643, 648 (Nev. 2017). (ECF No. 68 at 12–16.) The Court declines to grant such relief.

///

The Nevada Supreme Court has held that "courts retain the power to grant equitable relief from a defective foreclosure sale." *Shadow Wood Homeowners Ass'n v. New York Cmty. Bancorp. ("Shadow Wood")*, 366 P.3d 1105, 1110 (Nev. 2016). For instance, a court may set aside a sale where there is inadequacy of price as well as proof of slight evidence of fraud, unfairness, or oppression. *Shadow Canyon*, 405 P.3d at 643 (also stating inadequacy of price "should be considered with any alleged irregularities in the sale process to determine whether the sale was affected by fraud, unfairness, or oppression").

In arguing to set aside the sale in equity under *Shadow Canyon*, the Banks argue that the Property's sale price of $27,100.00 was grossly inadequate and that the HOA Sale was unfair. (*Id.*) In support of the latter, the Banks argue that (1) the HOA's CC&Rs represented that the HOA Sale would not extinguish the DOT, (2) they reiterate the arguments of the notices pertaining to the sale failing to specifically state intent to extinguish the DOT or specify the superpriority amount, and (3) in gist that at the time of the HOA Sale it was legally uncertain whether an HOA lien could extinguish a DOT or a superpriority lien could be foreclosed non-judicially. (*Id.*) BFP and the HOA argue that the price was not grossly inadequate and the Banks otherwise do not demonstrate fraud, oppression, or unfairness. (ECF No. 72 at 18–24; ECF No. 75 at 8–13)

Setting aside the price, the Court agrees with BFP and the HOA. First, as the parties are aware, even assuming the sale price was low, that alone does not render the HOA Sale inequitable. *See, e.g.*, *Shadow Wood*, 366 P.3d at 1115. Second, a mortgage protection clause alone, like the CC&R here, is insufficient evidence of unfairness to warrant setting aside an HOA foreclosure sale. *Bank of N.Y. Mellon v. SFR Invs. Pool 1, LLC*, No. 2:17-cv-00256-JCM-NJK, 2018 WL 1002611, at *8 (D. Nev. Feb. 21, 2018). Third, the Court has already found *supra* that the notices did not need to specify intent to extinguish the DOT or the superpriority amount needed for cure. Finally, the uncertainty in the law surrounding superpriority liens "does not point to any affirmative action taken by Defendants that would constitute fraud, oppression, or unfairness." *The Bank of New York*

*Mellon v. Paradise Court Homeowners' Association et al.*, No. 2:16-cv-00390-GMN-NJK, 2018 WL 4682331, at *6 (D. Nev. Sept. 27, 2018). Thus, the Court declines to exercise its equitable powers to set aside the HOA Sale under *Shadow Canyon*.

### 3. Bona Fide Purchaser

The Banks also contest BFP's status as a bona fide purchaser. (*See, e.g.*, ECF No. 76 at 9.) However, because the Banks have "failed to raise any genuine issue of material fact with respect to its equitable challenges to the foreclosure sale, the Court need not address whether [BFP] was a bona fide purchaser for value." *Id.* (citations omitted).

### 4. BFP's Crossclaim Against Wilson

While Wilson has not appeared in this action, *see supra* note 1, the Court finds there is no genuine dispute as to whether the HOA Sale extinguished Wilson's interest in the Property. BFP obtained title to the Property per the HOA Sale and nothing in the record suggests that BFP's title is subject to a right of redemption by Wilson. *See* NRS § 116.31166(2).

In sum, the Court finds that the Banks have failed to raise a genuine dispute on BoNYM's claim for quiet title/declaratory relief. On the other hand, BFP and Legends have met their burden of demonstrating entitlement to summary judgment on the same claim and BFP's like claim. The Court accordingly grants BFP and Legends' MSJs. However, the Court dismisses, as moot, the parties' claims for preliminary and permanent injunction because a cause for injunctive relief cannot be brought as a standalone claim.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that BoNYM's and Nationstar's motion for summary judgment (ECF No. 68) is denied.

///

It is further ordered that Legends motion for summary judgment on BoNYM's quiet title/declaratory relief claim (ECF No. 67) is granted.

It is further ordered that BFP's motion for summary judgment (ECF No. 66) is granted in part and denied in part. It is granted as to BFP's claim for quiet title/ declaratory relief and BoNYM's claim for the same. It is denied on BFP's request for preliminary and permanent injunction—which is dismissed as moot. The Court declares that BoNYM's DOT was extinguished by the HOA Sale. The Court further declares the HOA Sale also extinguished Wilson's interest in the Property.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 17th day of May 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE